IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH
Judge John L. Kane

Civil Action No. 11-cv-00256-JLK
Criminal Action No. 10-cr-00170-JLK

UNITED STATES OF AMERICA,

v.

MATTHEW BERNARD HALE,

    Defendant.

---

ORDER DENYING 28 U.S.C. § 2255 MOTION

---

    This matter is before the Court on the *pro se* "Motion for Downward Departure of Sentence" (Doc. #1) filed March 9, 2011, by Defendant Matthew Bernard Hale. The "Motion for Downward Departure of Sentence" has been construed and docketed as a 28 U.S.C. § 2255 motion. On April 18, 2011, the United States filed an "Answer to Motion to Vacate, Set Aside, or Correct Sentence" (Doc. #3). On April 28, 2011, Mr. Hale filed "Plaintiff's Response to Government's Answer" (Doc. #5) and a "Memorandum for Plaintiff's Response" (Doc. #6).

    The Court must construe the § 2255 motion and other papers filed by Mr. Hale liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110.

    Mr. Hale agreed to plead guilty to retaliation against a federal judge in violation of

18 U.S.C. § 115(a)(1). On January 11, 2011, the Court sentenced Mr. Hale to thirty-seven months in prison and three years of supervised release. The Court ordered that the federal sentence run consecutively to the state sentence Mr. Hale currently is serving in Utah state prison. Judgment also was entered on January 11, 2011. Mr. Hale did not file a direct appeal.

Mr. Hale does not assert clearly any specific claims for relief in the § 2255 motion. However, the Court construes the motion liberally as an attempt to obtain a reduced sentence due to mental health issues. Mr. Hale alleges in the § 2255 motion that his "mental health issues were disregarded by the Utah State Penitentiary, and now the federal system has processed him through its courts without discovering what if any protection Hale is entitled to under the 'Americans with Disabilities Act.'" (Doc. #1 at 1.) He further alleges that, "[i]n effect, the federal court overseeing Mr. Hale's disposition within the prison system is exercising the same deficit of responsibility to enact a comprehensive understanding of his mental state to in the least successfully return him to society." (*Id*. at 1-2.) The government argues that Mr. Hale's claims in the § 2255 motion are procedurally barred because he failed to raise them on direct appeal. The Court agrees.

A motion to vacate pursuant to 28 U.S.C. § 2255 is not available to test the legality of matters that should have been raised on direct appeal. ***See United States v. Allen***, 16 F.3d 377, 378 (10th Cir. 1994). The factual basis for Mr. Hale's claims in the § 2255 motion is the alleged failure of the Court to address his mental health issues. However, any failure by the Court to address Mr. Hale's mental health issues in the

context of the sentence imposed was apparent at the time the Court imposed the sentence and should have been raised on direct appeal.  Therefore, Mr. Hale's claims are procedurally defaulted and may not be raised in a § 2255 motion "unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."  ***Id.***

To demonstrate cause for his procedural default, Mr. Hale must show that some objective factor external to the defense impeded his ability to comply with the relevant procedural rule.  ***See Murray v. Carrier***, 477 U.S. 478, 488 (1986).  Examples of cause include "interference by government officials making compliance with the relevant procedural rules impracticable or a showing that the factual or legal basis of the claim was not reasonably available to counsel."  ***United States v. Salazar***, 323 F.3d 852, 855 (10th Cir. 2003).

Mr. Hale does not attempt in his Motion to demonstrate cause for his failure to raise these issues either at sentencing or on direct appeal.  The gist of Mr. Hale's Motion is simply that he has not received recommended treatment for his mental health issues for six years, that should have been considered at the time of sentencing, and, if considered, should have resulted in a reduced sentence.  Mr. Hale specifically asserts in response to the government's argument regarding procedural default that "[t]he fact that Mr. Hale has been in the absence of recommended treatment for six years, complete with animated episodes of attempted suicides, self mutilation, fighting, and an overall inability to maintain any semblance of normalcy, reveals the government's

3

answer to be a 'shameful acclamation.'" (Doc. #6 at 1.) This offers the Court little to work with.

While mental health evaluation and treatment of federal prisoners is of paramount concern to this Court, Mr. Hale's allegations regarding a lack of such recommended treatment cannot explain or justify his failure to raise these issues at sentencing, on direct appeal, or to provide a basis for adjusting his sentence now. Mr. Hale does not allege that he was prevented by governmental interference from raising this issue on direct appeal and, as noted above, it is clear that the factual basis for Mr. Hale's claims was available to both him and counsel at the time he entered his guilty plea and was sentenced. In fact, prior to sentencing, I granted the parties' request for a mental health evaluation of Mr. Hale in connection with the preparation of the presentence report. The PSR prepared by the Probation Department detailed Mr. Hale's extensive criminal history and reported the results of his mental health evaluation. PSR Dec. 23, 2010) at 21, ¶ 95. The evaluating physician concluded that Mr. Hale "appear[ed] to be manipulative and [to] exhibit[] psychopathic traits," *id.*, but at sentencing, neither Mr. Hale nor his counsel made reference to his mental health, a prior state PSR, or any other matter relevant to the instant Motion. In fact, at sentencing Mr. Hale simply apologized for his behavior in threatening Judge Campbell and attempted to explain it as "just venting." Tr. 1/11/11 Hg. at 15-16.

Fianlly, Mr. Hale fails to demonstrate that any "fundamental miscarriage of justice" will occur if the Court declines to address the merits of the claims he is raising in the § 2255 motion. A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."

*Murray*, 477 U.S. at 496; *see also United States v. Cervini*, 379 F.3d 987, 991-92 (10th Cir. 2004). Because Mr. Hale seeks only a downward departure and does not argue that he is actually innocent of the crime to which he pled guilty, the fundamental miscarriage of justice exception to the procedural default rule is not applicable.

For all of these reasons, the Court finds that Mr. Hale's claims in the § 2255 motion are procedurally barred. Accordingly, it is

ORDERED that the "Motion for Downward Departure of Sentence" filed on March 9, 2011, which the Court has construed as a 28 U.S.C. § 2255 motion, is denied. However, it is also ORDERED that Mr. Hale's mental health status be evaluated on an ongoing basis and that all recommended mental health treatment be made available to him while incarcerated.

DATED at Denver, Colorado, this  11th   day of  May, 2011.

                                          **s/John L. Kane**
                                          SENIOR U.S. DISTRICT JUDGE